Howard Donald Wilson v. Commissioner. Marjorie E. Wilson v. Commissioner.
Wilson v. Commissioner
Docket Nos. 3456-66, 3494-66.
United States Tax Court
T.C. Memo 1968-66; 1968 Tax Ct. Memo LEXIS 230; 27 T.C.M. (CCH) 356; T.C.M. (RIA) 68066; April 18, 1968. Filed Howard Donald Wilson, pro se, 3537 Myers Ct., Jackson, Mich., in Docket No. 3456-66. Lysle G. Hall, for the petitioner in Docket No. 3494-66. Ralph F. Keister, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined deficiencies in these consolidated cases for the year 1963 as follows: Docket No.
Petitioner
Income TaxDeficiency
3456-66
Howard Donald Wilson
$256.37
3494-66
Marjorie E. Wilson
368.00
The petitioners are the divorced parents of Stephen and Craig Wilson and the issue is which of the two petitioners is entitled to the dependency exemptions for the children under the provisions of sections 151 and 152 of the Internal Revenue Code of 1954. [1]
*231 Findings of Fact Some of the facts are stipulated and they are found accordingly. Howard D. Wilson and Marjorie E. Wilson were husband and wife until March 29, 1963, when they were divorced by a decree of the Circuit Court of the County of Shiawassee in the State of Michigan. During the marriage of Howard and Marjorie two children were born; Stephen born in 1952 and Craig born in 1955. At the time they filed their petitions in these cases Howard was living in Jackson, Michigan, and Marjorie was living in Lansing, Michigan. In their individual returns filed with the district director of internal revenue at Detroit, they each claimed dependency exemptions for Stephen and Craig. Respondent disallowed the claimed dependency exemptions on each return. The stated grounds for the disallowance in Howard's case was that he failed to establish that he furnished more than half of the support for the children in 1963 and the stated grounds for the disallowance in Marjorie's case was that she failed to establish that she furnished more than half of the support for the children in 1963. The divorce decree mentioned above gave custody of the children to Marjorie with Howard's rights to *232 have the chidren during certain vacation periods. It also provided that Howard should pay $14 a week for the support of each child with, however, no requirement to pay this during one month in the summer vacation period if he had the children with him. The divorce action had been pending since May of 1962 and a temporary alimony order had been in effect since May of 1962 requiring Howard to pay Marjorie temporary alimony every two weeks. This order was in full force and effect until the divorce and under it Howard paid $468 to Marjorie in 1963. Respondent's determination in Marjorie's case included payments made in 1963 under the temporary support order in her income. At the trial, she conceded the $468 should be included in her income. [2]
The terms of the divorce decree required payment by Howard of $28 a week for child support, or a total of $1,120, in 1963. He actually paid $1,036 in 1963 under the child support provision of the decree. In addition thereto, Howard contributed $652.15 357 for the support of the children during *233 some 50 days that they were with him during the year 1963. During the year 1963 Marjorie paid $1,331.12 for rent for a home for herself and the children and $525.06 was paid by her for utilities for the home. One-third of these expenditures ($443.71 and $175.02) would be attributable to the support of each child. Marjorie made the following expenditures for the support of the children in 1963: Stephen
Craig
Clothing Expenses
$ 254.00
$ 276.70
Lodgings
443.71
443.71
Utilities
175.02
175.02
Groceries
491.00
491.00
Medical
6.02
16.50
Medical Supplies (Band- Aids etc.)
5.91
5.90
Education
20.00
19.50
Household Necessities
213.00
213.00
Car for Transportation, Groceries, Medicine, Doc- tors Appointments etc.
145.03
145.03
Babysitter
204.88
204.87
Haircuts
31.50
31.50
Laundry & Dry Cleaning @ $3.00/per week
52.00
52.00
Allowance @.50/per week
26.00
26.00
Summer Vacation
33.33
33.33
Recreation, shows etc
20.00
20.00
Birthday Presents
18.00
12.00
Christmas Presents 40.00
35.00
$2,179.40
$2,201.06
Opinion Section 151, I.R.C. of 1954, allows a $600 exemption for each dependent defined *234 as a child of the taxpayer "over half of whose support, for the calendar year * * * was received from the taxpayer. * * *" Our findings of fact in these consolidated cases show that Marjorie furnished over half of the support of Stephen and Craig in 1963. Giving Howard credit for all of the support he states he furnished, or a total of $1,688.15 ($1,036 plus $652.15), it is still far less than half the support of the two boys. It fairly appears from all of the evidence that the total expended for the support of the children was at least four thousand dollars. This means Howard contributed approximately seventeen hundred dollars for the support of the children and Marjorie contributed the balance or approximately twenty-three hundred dollars for the support of the children. This is after our discounting Marjorie's evidence because of possible overestimates and exclusions of some items as not properly support items. On the record presented, we hold for petitioner as to the dependency credit issue in docket No. 3494-66, and for respondent in docket No. 3456-66. Decision will be entered under Rule 50 in docket No. 3494-66. Decision will be entered for the respondent in docket No. *235 3456-66. Footnotes
1. All section references are to the Internal Revenue Code of 1954.↩
2. Respondent's notice had determined a larger amount paid in 1963 under the temporary support order but he now concedes the correct sum was $468.↩